**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**LENORA PAGE**                                                                 **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 3:26-cv-3-KHJ-MTP**

**FOREMOST INSURANCE COMPANY**
**GRAND RAPIDS, MICHIGAN**                                      **DEFENDANT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this action.  On November 25, 2025, Plaintiff Lenora Page, via counsel, filed this action in the Circuit Court of Smith County, Mississippi. *See* [1-2].  Thereafter, the action was removed to this Court. *See* [1].  After removal, the Court set a case management conference, but prior to the conference, Plaintiff's counsel moved to withdraw as counsel of record for Page, asserting that "a material breakdown in the attorney-client relationship has occurred." *See* [5].

Because Page had not joined the Motion [5] at the time it was filed as provided by L.U. Civ. R. 83.1(b)(3), the Court provided Page an opportunity to respond to the Motion. *See* [6]. The Court ordered Plaintiff's counsel to provide a copy of the Motion [5] and its Order [6] to Page and file a certificate of compliance. *Id*.  The Court directed Page to file her response to the Motion to Withdraw [5] by March 3, 2026. *Id*.  The Court stated: "If Page fails to respond, the Motion [5] will be considered without her response, and Tullos may be granted leave to withdraw from representing Page." *Id*.  The Court also directed Plaintiff's counsel to provide Page's contact information. *Id*.

Plaintiff's counsel provided the Court Page's contact information and had Page personally served with the Motion [5] and Order [6] on February 10, 2026. *See* [7], [8].  Page, however, did not respond to the Motion [5].  Thus, on March 9, 2026, the Court granted the

1

Motion [5] and gave Page until April 9, 2026, "to obtain substitute counsel and have counsel enter an appearance in this matter or to advise the Court in writing that she intends to proceed without an attorney." *See* Order [9].

The Clerk of Court forwarded a copy of the Order [9] to Page at the address provided by her former counsel, but the mail was returned as undeliverable. *See* [10].[1]

On April 21, 2026, the Court entered an Order to Show Cause [11] directing Page to file a written statement by May 8, 2026, setting forth why this action should be dismissed for her failure to prosecute. The Clerk of Court forwarded a copy of the Order to Show Cause [11] to Page, but the mail was returned as undeliverable. *See* [12].[2] Page did not file a response to the Order to Show Cause [11].

Since February 10, 2026, at the latest, Page has known that her counsel moved to withdraw from this action. Despite this, Page did not respond to the Motion to Withdraw [5]. Additionally, she has not filed anything of record, communicated with the Court, or otherwise prosecuted this action.

Pursuant to Fed. R. Civ. P. 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031

---

[1] The returned mail states:

RETURN TO SENDER
NO SUCH NUMBER
UNABLE TO FORWARD

[2] The returned mail states:

RETURN TO SENDER
NO SUCH NUMBER
UNABLE TO FORWARD

(5th Cir. 1998).  The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).  As Page has not responded to multiple Court orders and has not otherwise pursued this matter, Rule 41(b) dismissal is appropriate.

## RECOMMENDATION

As Page has failed to prosecute this action and comply with the Court's Orders, the undersigned recommends that this action be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 18th day of May, 2026.

                                           s/ Michael T. Parker
                                           United States Magistrate Judge